SHARPE, ESTATE OF, IN RE: BOWERS, TAX COMMR., APPELLANT, *v.* WOMEN'S CLUB OF STEUBENVILLE, APPELLEE.

Ohio Appeals, Seventh District, Jefferson County.

No. 1120. Decided January 18, 1961.

*Mr. Mark McElroy*, attorney general, and *Mr. Joseph L. White*, assistant attorney general, for appellant.
*Mr. M. F. Francis*, for executor.
*Mr. William J. Weinman*, for appellee.

*Per Curiam.* Beatrice K. Sharpe died on February 19, 1959, a resident of Jefferson County, Ohio.

By her last will and testament, dated June 25, 1953, the decedent made certain specific bequests and bequeathed the residue of her estate to the Women's Club of Steubenville, Ohio. The exact language of the residuary clause is as follows:—

"ITEM IX. All the rest, residue and remainder of my estate, reduced to money, including lapsed and void legacies, if any, I will and bequeath to The Women's Club, Steubenville, Ohio, to be used by it, either with or without the addition of other funds available to it for such purpose, for the purpose of building and equipping a club-house for its use in the City of Steubenville, Ohio. This bequest is made on the following conditions:

"(1) That a bronze tablet or plaque be placed at a prominent place in such club-house, inscribed or engraved with the following words:

" 'In Memoriam

" 'The Founder of this Club,

" 'Caroline Medill Kelly'

and

" (2) That The Junior Women's Club of Steubenville, Ohio, be granted the right to use the auditorium or meeting room of said club-house, free of charge, for two meetings in each month.

"If any residue of this bequest remains after such club-house has been completed and equipped, the same shall be the absolute property of said The Women's Club, Steubenville, Ohio, to be used by it for such purpose or purposes as it seems proper."

This will was admitted to probate in Jefferson County, Ohio, and upon the filing of an application by the Executor for a determination of inheritance tax a preliminary adjudication and determination was made by said Probate Court finding that the gift to the Women's Club of Steubenville, Ohio, was exempt from tax.

The Department of Taxation of Ohio made and filed exceptions to this adjudication, properly notified all interested parties, and the matter came on for hearing. The court found that the exceptions to the determination of Ohio inheritance tax were not well taken and overruled same.

Mark McElroy, Attorney General of the State of Ohio, thereafter filed on behalf of the Tax Commissioner of Ohio a notice of appeal in the following form:—

"In the Probate Court, Jefferson County, Ohio

"In the Matter of the Estate of Beatrice K. Sharpe, Deceased.

"No. 49019

"Notice of Appeal

"Appellant, Stanley J. Bowers, Tax Commissioner of Ohio, hereby gives notice of his appeal on questions of law from the final determination of the Probate Court of Hamilton County, Ohio, in the above-styled matter to the Court of Appeals of the Seventh Appellate District of Ohio.

"The entry containing the decision of the Probate Court was journalized on July 21, 1960.

"The Probate Court erred as a matter of law in determining that a testamentary bequest to the Women's Club, Steuben-

ville, Ohio, for the express purpose of building and equipping a club house is exempt from the inheritance tax provisions of Section 5731.01, et seq., Revised Code.

Mark McElroy
Attorney General''

The appeal was in all other respects regular.

There are two issues in the case: Does the gift to the Women's Club of Steubenville, Ohio, qualify for exemption from inheritance tax as a ''gift to an institution for purposes only of public charity'' within the meaning of Section 5731.09, Revised Code? Secondly, is the error in the body of the notice of appeal, apparently typographical in nature, designating the appeal as one on questions of law from the final determination of the Probate Court of ''Hamilton'' County fatally defective?

Counsel for the appellee raised no objections to the form of the notice of appeal until the matter was on for oral argument, at which time counsel for the appellee argued orally that the notice was fatally defective.

This court finds that the notice of appeal was filed in the Jefferson County Probate Court as required by Section 2505.04, Revised Code. The notice designates the order, judgment or decree appealed from in stating that it appealed from the order determining that the testamentary bequest to the Women's Club of Steubenville, Ohio, was exempt from inheritance tax under the provisions of Section 5731.01, Revised Code, and further designated the order appealed from by stating that same was entered on the journal on July 21, 1960.

The fact that the body of the notice contained a representation that the appeal was from the Probate Court of Hamilton County, Ohio, is an apparent typographical error since it differs from the Jefferson County designation contained in the caption of the matter, and is also different from the court in which said notice of appeal was filed. The appellee makes no claim of having been misled by the alleged defect in the notice of appeal, and the court is certain that none of the appealing parties were prejudiced or taken by surprise.

The court therefore finds that the notice of appeal complied with the requirements of Sections 2505.04 and 2505.05, Revised Code, and that such defect as was contained therein was not fatal to the notice of appeal.

Section 5731.09, Revised Code, exempts from inheritance tax the succession to any property passing to or for the use of an institution for purposes only of public charity. Special attention must be paid to the words "only of public charity" since these have reference to either the purposes of the succession or the institution which has been designated to carry out these purposes. If the institution has purposes other than charitable it may clearly not claim exemption for funds received by inheritance, unless the gift is given to such institution with a simple and clear restriction against the use of the fund for any purpose other than public charity.

The property here passing is not exempt from inheritance tax under Section 5731.09, Revised Code, and is subject to the tax imposed by Section 5731.02, Revised Code, since the Women's Club of Steubenville, Ohio, has purposes other than those of public charity.

We are not called upon to decide whether a gift to the Women's Club of Steubenville, Ohio, the use of which was restricted to "purposes only of public charity" might not be exempt since the testator's language directs a non-charitable use for the fund in directing its use for building and equipping a club house, and further authorizes any unused balance of the bequest to be spent for such purpose or purposes as to it (the club) seems proper.

This court is quite certain that the Women's Club of Steubenville, Ohio, has many worthwhile purposes. In fact, most of its purposes are of such a genuine public charitable nature that we regret greatly the feeling that the constitution and by-laws of the Women's Club of Steubenville, Ohio, which are in evidence, and which give as the purpose of the Women's Club "the mutual improvement of its members in literature, art, science and vital issues of the day," state a purpose, which, though charitable in the broadest sense of that word, can not be construed as being public.

The court feels that on this basis we must find that the court below erred in granting the exemption. The judgment is therefore reversed and remanded for further proceedings in accordance with this judgment.

GRIFFITH, P. J., DONAHUE and BROWN, JJ., concur.